FILED
United States Court of Appeals
Tenth Circuit

**November 3, 2010**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KENNETH HILLS ORVIS,

     Plaintiff-Appellant,

v.

MIKE A. HEREDIA; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

     Defendants-Appellees.

No. 10-2180

(D.C. No. 1:08-CV-01121-JCH)
(D. N. Mex.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

Kenneth Orvis, a New Mexico state prisoner appearing pro se, seeks a certificate

of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2254 application for federal habeas relief. Because Orvis has failed to satisfy the

standards for the issuance of a COA, we deny his request and dismiss the matter.

I

On January 11, 2007, Orvis was convicted by a jury in New Mexico state court of

twelve counts of forgery and one count of conspiracy to commit forgery. The State's

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

evidence at trial indicated that Orvis, while staying at the residence of Clifford Bourgeois, stole a book of blank checks belonging to Bourgeois and gave them to a woman named Kenisha Martin. Martin, with the assistance of two other men (Sean David and J.D. Pringle), forged and cashed twelve of the checks. Martin was charged with, and pled guilty to, conspiracy to commit forgery and was placed on probation. Martin testified against Orvis at trial.

Orvis was sentenced to fourteen years' imprisonment (six years of which were suspended by the state trial court), to be followed by a two-year term of parole and a five-year term of supervised probation. Orvis filed a direct appeal arguing that the evidence presented at trial was insufficient to support his convictions. On December 14, 2007, the New Mexico Court of Appeals (NMCA) issued a memorandum opinion affirming Orvis's convictions. In doing so, the NMCA "h[e]ld that the evidence presented in th[e] case was sufficient to support the forgery convictions under an accessory theory" because "a reasonable jury could believe that [Orvis] intended for the crime of forgery to be committed and he helped it be committed by giving Martin the stolen checks." ROA, Vol. 1 at 95. As for the forgery conviction, the NMCA "conclude[d] that a jury could find that [Orvis] and Martin [impliedly] agreed to commit forgery when [Orvis] gave her the blank checks and that they intended to commit forgery." Id. at 96. The New Mexico Supreme Court subsequently denied Orvis's petition for writ of certiorari on January 29, 2008.

On August 4, 2008, Orvis filed a petition for state habeas relief asserting six

2

grounds for relief, in particular that the evidence presented at trial was insufficient to support his convictions and that his convictions were obtained by the knowing use of perjured testimony. Orvis's petition was summarily dismissed by the state district court on September 9, 2008. On October 6, 2008, the New Mexico Supreme Court denied Orvis's petition for writ of certiorari.

On December 1, 2008, Orvis initiated these federal habeas proceedings by filing a pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Id. at 5. In his first claim for relief, Orvis alleged that the evidence presented by the State at trial was insufficient to support his convictions. In his second claim for relief, Orvis alleged that the prosecution knowingly presented perjured testimony from Kenisha Martin. In his third and final claim for relief, Orvis alleged that his trial counsel was ineffective in several respects.

On June 16, 2010, the magistrate judge assigned to the case issued a report and recommendation concluding that Orvis's first two claims were properly exhausted, but that his third claim, i.e., the ineffective assistance of counsel claim, was unexhausted. The magistrate judge recommended that Orvis be allowed to "choose to proceed immediately on the exhausted claims . . . or . . . to wait until he . . . exhausted all of his claims in state court before proceeding on his federal habeas." Id. at 238. In doing so, the magistrate judge outlined for Orvis the "risk and consequences" associated with each choice. Id. at 239.

On June 24, 2010, Orvis responded to the magistrate judge's report and

recommendation by moving to amend his application for federal habeas relief to omit the unexhausted ineffective assistance claim. On July 8, 2010, the district court adopted the magistrate judge's report and recommendation, granted Orvis's request to amend his application, and again referred the matter to the magistrate judge for a recommendation as to the "ultimate disposition of the case." Id. at 245.

On July 13, 2010, the magistrate judge issued a second report and recommendation concluding that Orvis was not entitled to federal habeas relief. With respect to Orvis's claim that the evidence presented at trial was insufficient to support his convictions, the magistrate judge concluded that "the NMCA's decision [rejecting that claim] was neither contrary to, nor involved an unreasonable application of, the standard set forth in Jackson[ v. Virginia, 443 U.S. 307 (1979)], nor was it based on an unreasonable determination of the facts in light of the evidence." ROA, Vol. 1 at 249. As for Orvis's claim that the state presented perjured testimony from Martin, the magistrate judge concluded that "Orvis fail[ed] to demonstrate either that perjured testimony was used, or that the prosecution knew that any testimony was perjured." Id. at 250. More specifically, the magistrate judge concluded that the supporting evidence pointed to by Orvis "d[id] not show that . . . Martin offered perjured testimony at . . . trial," and that, "[t]o the extent . . . Orvis allege[d] that . . . Martin's trial testimony was inaccurate or contradictory, such an allegation [wa]s merely an attack on the credibility of a witness and d[id] not state a prima facie case of knowing use of perjured testimony." Id.

On August 5, 2010, the district court adopted the magistrate's report and

recommendation and dismissed the action with prejudice. The district court also issued an order denying Orvis a COA. Orvis filed a notice of appeal on August 13, 2010, and has since filed an application for COA with this court.

## II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After reviewing Orvis's application for COA and the record on appeal, we conclude he has failed to make the requisite showing for the issuance of a COA. Although Orvis continues to assert that the evidence presented at his trial was insufficient to support his conspiracy and forgery convictions, the district court concluded the NMCA's analysis of Orvis's insufficiency claims was neither "contrary to, [n]or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and we are not persuaded

that reasonable jurists could disagree with that determination. As for Orvis's claim that the prosecution knowingly relied on perjured testimony from Martin, the district court examined the trial record and concluded there was no evidence either that Martin testified falsely, or that the prosecution knew she did so. Although Orvis disputes this determination in his application for COA, his assertions are not, in our view, sufficient to persuade reasonable jurists that his claim should have been resolved in a different manner by the district court.

The application for COA is DENIED, the appeal is DISMISSED, and Orvis's motion to proceed in forma pauperis on appeal is DENIED as moot.[1]

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[1] The district court granted Orvis leave to proceed in forma pauperis in the district court. Therefore, Orvis "may proceed on appeal in forma pauperis on appeal without further authorization . . . ." Fed. R. App. P. 24(a)(3).